## AVONMORE COAL & COKE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16821, 16822. Promulgated June 5, 1929.

*Leslie M. Swope*, Esq., for the petitioner.
*H. LeRoy Jones*, Esq., for the respondent.

910

912

## OPINION.

PHILLIPS: The single question presented is whether the three companies which merged and consolidated on December 17, 1918, or any two of them, are affiliated within section 240 of the Revenue Act of 1918 which provides:

(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls

through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

It is clear that these corporations are not within the clause numbered (1). The question then is whether substantially all of the stock was owned or controlled by the same interests. The claim made by petitioner is that the stock not owned by the group consisting of Hicks, Patterson, Hill, and Sargent was controlled by them.

The respondent urges that in determining what is " substantially all " of the stock, we are controlled by section 240(c) of the Revenue Act of 1924 where Congress provided:

(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests. * * *

We believe such a contention to be without merit. *United States v. Field*, 255 U. S. 257. The membership of the Congress and of the committees responsible for drafting these two Acts was substantially different. The report of the Committee shows no thought that this provision was interpretative and by its express terms it is limited to " the purposes of this section." It leaves out of consideration any element of control, making identity of ownership the measure of affiliation. It is impossible to read into this section any thought that it controls or interprets the prior acts.

There is a further consideration which must be weighed which bears on the argument respecting Congressional intent as well as respondent's contention that, " the words ' substantially all ' should be construed so as to minimize the number of stockholders who receive the benefits of losses of corporations of which they do not share the burdens." The Revenue Acts of 1918 and 1921 imposed heavy excess-profits taxes. The amount and rate of tax depended not only upon the amount of income, but also upon the amount of invested capital. Under those Acts the shifting of profits from one corporation to another might alter substantially the tax to be paid. Affiliation of corporations owned or controlled by the same interests was as necessary to protect the revenues, and perhaps more than it was to protect the corporations or their stockholders. See discussion of the purpose of the affiliation provision in *Utica Knitting Co.* v. *United States*, decided by Court of Claims, May 6, 1929. The Revenue Act of 1924 and subsequent acts have imposed only an income tax based upon a fixed percentage of all corporate income. There is no longer the same incentive to work a fictitious allocation of profits. Except in unusual circumstances, affiliation benefits the taxpayer without any corresponding benefit to the Government such as existed during the

period when excess-profit taxes were imposed. Congress had no such reason for restricting affiliations under the prior acts as it had under the Act of 1924 and subsequent acts. Any principle which is enunciated must work against the Government as well as in its favor. To restrict affiliation to those cases where 95 per cent of the stock is owned or controlled by the same interests would not only read into the Revenue Act of 1918 something which is not there, but might well defeat its purpose.

We have heretofore held that in determining whether corporations were affiliated under the Revenue Act of 1918 all of the facts must be taken into consideration. The statute uses three phrases, none of which are susceptible of precise measurement: " substantially," " controlled " and " same interests." The manner in which the corporations are operated or profits shifted may indicate an identity of interests which would not be disclosed by a mere tabulation of stockholdings. Stock may be controlled other than through ownership. If Congress had not recognized such to be the case the words " or controlled " might well have been omitted as they were in the 1924 Act. But control of the stock means more than control of the management of the corporation.

In the instant proceeding the evidence discloses only that the same persons controlled the operations of the three corporations, that the minority stockholders were quiescent and satisfied with the operation, that at times they executed proxies and at other times did not, and that in the matter of the merger of the three corporations they were content to follow the plan recommended by the majority and active stockholders who were also the directors. Except for a common management, the three corporations were operated as separate units. There are no such intercompany transactions or unity of operation as would indicate an identity of interests among all the stockholders, nor are there facts which indicate that the active stockholders had any control over the stock of the minority. *Watsontown Brick Co.*, 3 B. T. A. 85; *Goldstein Bros. Amusement Co.*, 3 B. T. A. 408; *News Publishing Co.*, 6 B. T. A. 1257; affd. 29 Fed. (2d) 955; *Ice Service Co.*, 9 B. T. A. 386; affd. 30 Fed. (2d) 230. We are of the opinion that the Commissioner properly held that these corporations were not entitled to file a consolidated return.

Reviewed by the Board.

*Decision will be entered for the respondent.*